UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTIN ZAMORA RINCON (A-Number: 075-118-131),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>Respondent. | Case No.  1:26-cv-0677-DJC-JDP<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Valentin Zamora Rincon entered the United States in 1996 as a permanent resident and, after being released from state prison, he was detained by ICE in 2025.  Petitioner, initially proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Approximately one week later, an immigration judge terminated petitioner's removal proceedings, and petitioner was released from ICE custody.  Consequently, respondent moves to dismiss the petition as moot.  Petitioner, now proceeding with counsel, opposes respondent's motion.  For the following reasons, I recommend that respondent's motion be granted.

**Background**

In 1996, petitioner was admitted to the United States as a lawful permanent resident.  ECF No. 14-1 at 3.  In 2024, petitioner was convicted for a DUI causing bodily injury, and he was sentenced to 16 months in prison.  *Id.*

1

In August 2025, petitioner was detained by ICE after his release from state prison. *Id*. On February 4, 2026—approximately one week after petitioner initiated this action—an immigration judge found that petitioner is not removable and terminated his removal proceedings based on his "receipt of post-conviction relief." ECF No. 14-2 at 4. Petitioner was released from ICE custody that same day. ECF No. 14 at 1-2.

**Procedural History**

On January 26, 2026, petitioner, initially proceeding pro se, filed a petition for writ of habeas corpus in which he seeks a bond hearing or release, declaratory relief, and attorneys' fees. ECF No. 1. On the following day, the court referred the matter to me. ECF No. 4. I appointed counsel on January 29, 2026, and appointed counsel appeared on February 5, 2026. *See* ECF Nos. 7 & 9. The parties thereafter filed a joint status report indicating that respondent would file a response to the petition by February 26, 2026. ECF No. 11. On March 16, 2026, respondent inadvertently filed a response from another matter. ECF No. 12. On April 17, 2026, respondent filed an amended response and motion to dismiss the petition as moot in light of petitioner's release from custody. ECF No. 14. On April 23, 2026, petitioner filed an opposition to respondent's motion. ECF No. 16.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Respondent moves to dismiss the petition as moot because petitioner has been released from ICE custody.  ECF No. 14 at 1-2.  The Court of Appeals has held that "[f]or a habeas petition to continue to present a live controversy after the petitioner's release . . . , there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  Consequently, "where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody," and thus the petition is rendered moot.  *Id*.

In *Lee v. Hayes*, the petitioner alleged "indefinite detention pending removal proceedings, without a hearing to determine whether continued detention is justified."  No. CV076389TJHE, 2008 WL 4447578, at *2 (C.D. Cal. Oct. 2, 2008).  After the petition was filed, petitioner's removal proceedings were terminated, and he was released from custody.  *Id*.  The court found that "the release of [the petitioner] from detention and the termination of his removal proceedings have given [him] all the relief to which he conceivably could be entitled."  *Id*. at *3 (citations omitted).  Specifically, the court held that the petitioner's request for declaratory relief "must be rejected" in light of his release because such relief is only appropriate where "the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties."  *Id.* at *4 (quoting *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008)).

This action shares significant similarities with *Lee.*  The petition's sole claim is that petitioner is subject to "ongoing prolonged detention" without "an individualized hearing before a neutral decisionmaker."  ECF No. 1 ¶ 48.  The petition seeks relief in the form of a bond hearing or release, declaratory relief, and attorneys' fees.  *Id*. at 17.  Petitioner's release, however, has provided him "all the relief to which he conceivably could be entitled."  *See Lee*, 2008 WL 4447578, at *3.  Moreover, petitioner's request for declaratory relief is no longer justiciable because the challenged government activity has "evaporated" and thus cannot be said to have a "continuing and brooding presence."  *See Feldman,* 518 F.3d at 642.  Lastly, courts in this

District have declined to grant a request for attorneys' fees in an immigration habeas petition and instead have found that such a request is properly brought through a noticed motion. *See, e.g.,* *Trivedi v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-0190-DAD-CKD, 2026 WL 700581, at *1 (E.D. Cal. Mar. 12, 2026). Thus, because the court cannot provide any of the relief requested, the petition is moot.

Petitioner's arguments to the contrary are unavailing. Specifically, petitioner asserts that the possibility of future detention constitutes a collateral consequence and also satisfies exceptions to the mootness doctrine for voluntary cessation and conduct capable of repetition yet evading review. ECF No. 16 at 2-3. Courts, however, have rejected each of these arguments.

First, the possibility that a petitioner "could be subject to future immigration proceedings does not present a concrete legal disadvantage sufficient to implicate the collateral consequences exception." *Meza v. Bonnar*, No. 18-cv-2708-BLF, 2022 WL 2954333, at *6 (N.D. Cal. July 26, 2022) (citing *Spencer v. Kemna*, 523 U.S. 1, 14 (1998)). Moreover, a court "cannot address the legality of [a petitioner's] potential future detention when the factual and legal bases for that detention are not yet known." *Guido v. Sepulveda*, No. 07-cv-3873-CW, 2008 WL 2021751, at *2 (N.D. Cal. May 8, 2008); *see also T.P.S. v. Kaiser*, No. 2:25-cv-3298-JDP, 2026 WL 622214, at *4 (E.D. Cal. Mar. 5, 2026) (holding that the petitioner's claims were not ripe because he did not "present evidence showing that he is at sufficient risk of illegal re-detention for jurisdiction to arise").

Second, the voluntary cessation doctrine does not apply where, as here, the alleged conduct "ceased not because of any voluntary conduct on the part of DHS, but because [the petitioner] successfully moved to terminate the removal proceedings." *See Meza*, 2022 WL 2954333, at *7. Moreover, petitioner cannot be re-detained in connection with the removal proceedings that have been terminated, and his petition only seeks relief during those proceedings. *See id.*

Lastly, the exception for conduct capable of repetition yet evading review "is limited to extraordinary cases in which: (1) the duration of the challenged action is too short to be fully litigated before it ceases; and (2) there is a reasonable expectation that the plaintiffs will be

4

subjected to the same action again." *Alaska Fish & Wildlife Fed'n & Outdoor Council, Inc. v. Dunkle*, 829 F.2d 933, 939 (9th Cir. 1987) (cleaned up).  Here, as the court found in *Meza*, petitioner "does not satisfy either component." *See Meza*, 2022 WL 2954333, at \*8.  Specifically, "the durational component is not satisfied, because nothing in this record suggests that a future detention by ICE would be of such short duration as to preclude [petitioner] from obtaining judicial review." *See id.*  The "reasonable expectation component" is also not satisfied because petitioner has failed to "establish a demonstrated probability that the same controversy will recur involving the same litigants." *See id.* (quoting *Lee v. Schmidt-Wenzel*, 766 F.2d 1387, 1390 (9th Cir. 1985)).  Indeed, petitioner's removal proceedings have terminated, and respondent asserts that "ICE is not currently seeking to remove him." *See* ECF No. 14 at 2.

Accordingly, I find that there are no remaining collateral consequences that may be redressed by the petition, and that no exception to the mootness doctrine applies.  In analogous circumstances, courts in this District have dismissed a habeas petition as moot.  *See Saeturn v. Charles*, No. 1:25-cv-1712-KES-CDB, 2026 WL 227125, at \*2 (E.D. Cal. Jan. 28, 2026) (collecting cases), *report and recommendation adopted*, 2026 WL 825758 (E.D. Cal. Mar. 25, 2026).  As such, I recommend that the petition be dismissed as moot.

### Conclusion

Based on the foregoing, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 14, be GRANTED.

2. The petition for writ of habeas corpus, ECF No. 1, be DISMISSED as moot.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See*

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 11, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE